UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

ADRIAN WILCOX,

    Plaintiff,
v.                              Case No.:  8:10-cv-2383-T-33MAP

TACO BELL OF AMERICA, INC., and
YUM! BRANDS, INC.,

    Defendants.
_____/

**ORDER**

This matter comes before the Court pursuant to Defendants' Motion to Strike Class Action Allegations of Plaintiff's Amended Complaint (Doc. # 24), filed on May 6, 2011. Plaintiff filed his response to the Motion (Doc. # 29) on May 31, 2011. For the reasons that follow, the Court grants the Motion.

**I. Background**

This dispute arises from Plaintiff Adrian Wilcox's allegations that Defendants engaged in discriminatory employment practices. Plaintiff filed suit in this Court on October 22, 2010; his initial complaint did not assert any class allegations. (Doc. # 1). Plaintiff filed an Amended Complaint on February 2, 2011, asserting class allegations. (Doc. # 3). Pursuant to Local Rule 4.04(b), a motion for class certification was due on or before May 2, 2011.

Defendants filed their Motion to Strike on May 6, 2011, noting that Plaintiff had not timely filed a motion for class certification or a motion for extension of time in which to do so. (Doc. # 24). On May 20, 2011, Plaintiff filed a motion for extension of time to file a response to the Motion to Strike. (Doc. # 25). The Court granted that motion, giving Plaintiff up to and including May 30, 2011 to respond. (Doc. # 26). Plaintiff filed his response on May 31, 2011, stating that a motion for class certification was not timely filed due to counsel's failure to calendar the deadline. (Doc. # 29). Plaintiff asks the Court to find such failure to be excusable neglect and to further grant an additional sixty days to file a motion for class certification. (Id. at 1-2). That sixty days, had it been granted, expired August 1, 2011.

**II. Analysis**

Local Rule 4.04(b) requires that motions for class certification be filed within ninety days following the filing of the complaint "unless the time is extended by the Court for cause shown." "The Eleventh Circuit has expressly recognized the authority of the district courts to apply local rules prescribing a deadline for the filing of a motion for class certification, or to sanction plaintiffs for noncompliance." Seyboth v. Gen. Motors Corp., No. 8:07-cv-

2292-T-27TBM, 2008 WL 1994912, at *2 (M.D. Fla. 2008) (citing Martinez-Mendoza v. Champion Int'l Corp., 340 F.3d 1200, 1216 n.38 (11th Cir. 2003)).

A court may grant a motion for extension of time made after a deadline has expired "if the party failed to act because of excusable neglect." Fed. R. Civ. P. 6(b). The Supreme Court has defined excusable neglect as including "inadvertence, mistake, or carelessness." Pioneer Inv. Svcs. Co. v. Brunswick Assoc. Ltd. P'ship, 507 U.S. 380, 388 (1993). The Court enumerated four factors to be used in determining excusable neglect: "the danger of prejudice to the [nonmovant], the length of the delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith." Id. at 395. It is an equitable determination, "taking account of all relevant circumstances surrounding the party's omission." Id.

These factors must be evaluated in light of the procedural rules surrounding class certification. Federal Rule of Civil Procedure 23 provides that "[a]t an early practicable time after a person sues or is sued as a class representative, the court must determine by order whether to certify the action as a class action." Therefore, "[a] timely motion for

3

class certification is premised on sound practical considerations. Delay by a representative plaintiff impedes the court's consideration of the issue and may prejudice the rights of class members." <u>Jones v. Hartford Ins. Co. of Midwest</u>, 243 F.R.D. 694, 695 (N.D. Fla. 2006).

Plaintiff's counsel states that he did not timely file a motion for class certification due to a failure to calendar the deadline. He asks this Court to find this failure to be excusable neglect. However, he did not promptly file a motion for extension of time to move for class certification, instead including a request for extension in his response to Defendants' Motion to Strike. That request came nearly a month after the deadline had passed, and more than three weeks after Defendants' Motion put him on notice of his error. Furthermore, Plaintiff requested an additional sixty days to file the motion for class certification rather than promptly remedying the delay.

Based upon the totality of the circumstances, the Court finds that Plaintiff's failure to timely file a motion for class certification and failure thereafter to promptly remedy the oversight is not excusable neglect. <u>See</u> <u>Seyboth</u>, 2008 WL 1994912 at *5. In addition, Plaintiff has not shown cause for extending the deadline an additional sixty days from his

4

response to the Motion to Strike – almost ninety days after the original ninety-day deadline had expired. In any event, more than sixty days has passed since Plaintiff requested the additional sixty days, and the Court declines to grant a further extension.

Accordingly, it is now

**ORDERED, ADJUDGED,** and **DECREED:**

Defendants' Motion to Strike Class Allegations of Plaintiff's Amended Complaint (Doc. # 24) is **GRANTED.**

**DONE** and **ORDERED** in Chambers in Tampa, Florida, this <u>8th</u> day of August 2011.

                                                                  _____
                                                                  VIRGINIA M. HERNANDEZ COVINGTON
                                                                  UNITED STATES DISTRICT JUDGE

Copies:

All Counsel and Parties of Record

5